UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KASEY LEE ANN NAYLOR,<br><br>Defendant(s). | Case No. 1:19-CR-00346-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1] |

This matter comes before the Court on the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant. (ECF No. 21.)

The Court finds that the Motion and the record establish: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) establish a sufficient factual and legal basis for forfeiture to include, but not be limited to, the following Subject Property and any Substitute Assets.

---

[1] Despite its name, a Preliminary Order of Forfeiture is the final order as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). A Final Order of Forfeiture, when necessary, addresses third party interests. Fed. R. Crim. P. 32.2(c).

PRELIMINARY ORDER OF FORFEITURE, FINAL TO DEFENDANT(S) - 1

**Subject Property:**

A.      <u>Unrecovered Cash Proceeds and/or Facilitating Property:</u>  At least $12,560.43 in that such sum represents unrecovered proceeds of the offense of conviction obtained by the defendant(s), or property, derived from or traceable to such proceeds, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

**Nexus and Factual Basis for Forfeiture**

Based upon the Plea Agreement, filed February 7, 2020, the defendant pleaded guilty to Count one, a violation of 18 U.S.C. § 641), and admitted to knowingly embezzling, stealing, or converting at least $12,560.43 of government property or money with the intention of depriving the government of the use or benefit of the money or property (Plea Agreement, ECF No. 10.)

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(c), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 641, the Court shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

PRELIMINARY ORDER OF FORFEITURE, FINAL TO DEFENDANT(S) - 2

NOW, THEREFORE, THE COURT ORDERS that the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant(s), (ECF No. 21), is GRANTED and the defendant(s) shall forfeit to the United States the Subject Property and any other property forfeitable pursuant to the Statutory Authority above or other applicable law.

Pursuant to Rule 32.2(c)(1) of the Federal Criminal Rules of Procedure, which states that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," the United States is not required to publish notice of the above-referenced cash proceeds money judgment.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Criminal Rule 32.2(e).

DATED: April 10, 2020

B. Lynn Winmill
U.S. District Court Judge